UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Jessica M. Brown,<br><br>　　　　　Plaintiff(s),<br><br>vs.<br><br>Walmart Stores et al.,<br><br>　　　　　Defendant(s). | 2:24-cv-00136-CDS-MDC<br><br>**ORDER**<br><br>APPLICATION TO PROCEED IN FORMA PAUPERIS (EFC NO. 1) AND COMPLAINT (ECF NO. 1-1) |

Plaintiff, Jessica M. Brown, filed an application to proceed in forma pauperis (IFP) and a complaint. ECF Nos. 1 and 1-1. The Court GRANTS plaintiff's IFP application and DISMISSES her complaint without prejudice.

**DISCUSSION**

Plaintiff's filings present two questions: (1) whether plaintiff may proceed in forma pauperis under 28 U.S.C. § 1915(e) and (2) whether plaintiff's complaint states a plausible claim for relief.

**I.　　Whether Plaintiff May Proceed In Forma Pauperis**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." If the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), as amended by the Prison Litigation Reform Act ("PLRA"), he remains obligated to pay the entire fee in installments, regardless of whether his action is ultimately dismissed. See 28 U.S.C. § 1915(b)(1) & (2); *Castaneda v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002). Ms. Brown is incarcerated at Florence McClure Women's Correctional Center, and her financial certificate reflects that she has no money in her account. ECF No. 1. The Court grants plaintiff's IFP application.

Considering her $0.00 average balance and deposits, Ms. Brown is not required to pay an initial partial filing fee. Whenever her account exceeds $10, however, she must make monthly payments in the amount of 20 percent of the preceding month's income credited to her account until the $350 filing fee is paid.

## II. Complaint

Ms. Brown brings this civil complaint under 42 U.S.C. § 1983. Ms. Brown lists as defendants: (1) Walmart Stores, specifically, an unnamed Walmart store attendant employed at Walmart; (2) Loss Prevention, specifically, a worker or employee at Walmart; and (3) C-1613190531, "case number at CCDC." ECF No. 1-1 at 2. Ms. Brown asserts a claim of wrongful incarceration. *Id.* at 3. Although Ms. Brown's handwriting was difficult to read in certain places, the Court liberally construes Ms. Brown is asserting that her conviction for grand larceny was a mistake. *Id.* Ms. Brown seems to assert that the proper charge at the time should have been trespassing. *Id.* Ms. Brown seeks relief in the form of (1) dropping the grand larceny charges against her and (2) monetary relief for the wrongful incarceration.

### a. Legal Standard

Upon granting a request to proceed *in forma pauperis*, the Court must screen the complaint pursuant to 28 U.S.C. § 1915(e). The Court will review the complaint to determine whether the complaint is frivolous, malicious, fails to state a claim in which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Federal Rules of Civil Procedure Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirement, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009). (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Dismissal for failure to state a claim under § 1915 incorporates the same standard for failure to state a claim under Federal Rule of Civil Procedure Rule 12(b)(6). *Watison v. Carter, 668 F.3d 1108, 1112*

*(9th Cir. 2012)* A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle him to relief." *Buckley v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"A document filed *pro se* is "to be liberally construed" and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal citations omitted). If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, **unless** it is clear from the face of the complaint that deficiencies could not be cured through amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (emphasis added). At issue is whether plaintiff's complaint states a plausible claim for relief.

### b. Whether Plaintiff's Complaint States a Plausible Claim

The Court finds that Ms. Brown failed to assert a plausible claim against (1) the unnamed store attendant, (2) the loss prevention, and (3) the case number. The Court discusses its analysis below.

### i. Color of Law

Ms. Brown asserts claims against the unnamed store attendant and loss prevention; however, Ms. Brown has failed to prove that the defendants acted under color of law. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *Littlone v. Montiez*, 2022 U.S. Dist. LEXIS 153211 (E.D. Cal. Aug. 24, 2022), at 6-7 (citing *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988)). The actions alleged by Ms. Brown appear to be private action rather than state action. As the court in *Flournoy v. Walmart Stores, Inc.*, 2023 U.S. Dist. LEXIS 173356, at 2-3 (N.D. Cal. Sept. 27, 2023) put:

> A private individual or entity generally does not act under color of state law, an essential element of a § 1983 action. *See Gomez v. Toledo*, 446 U.S. 635, 640, 100 S. Ct. 1920, 64 L. Ed. 2d 572 (1980). Action taken by private individuals or entities may be considered

under color of state law only if there is such a close nexus between the state and the challenged action that seemingly private behavior may be fairly treated as that of the state itself. *Brentwood Academy v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295-96, 121 S. Ct. 924, 148 L. Ed. 2d 807 (2001).

The public function test is satisfied only on a showing that the function at issue is both traditionally and exclusively governmental. The close nexus and joint action tests may be satisfied where the court finds a sufficiently close nexus between the state and the private actor so that the action of the latter may be fairly treated as that of the State itself, or where the State has so far insinuated into a position of interdependence with the [private party] that it was a joint participant in the enterprise. Governmental compulsion or coercion may exist where the State "has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State."

*Fluornoy*, 2023 U.S. Dist. LEXIS 173356, at 3 (citing *Rawson v. Recovery innovations*, 975 F.3d 742, 748 (9th Cir. 2020)). Ms. Brown has not alleged sufficient facts to show how the Walmart store attendant or loss prevention employee acted under the color of law when attempting to apprehend her. In order to bring a § 1983 action against the defendants, Ms. Brown must explain why the actions of the store attendant and loss prevention employee constitute state action. The Court will give Ms. Brown one more chance to show how the defendant acted under the color of law. That said, even if Ms. Brown is able to show how the defendants acted under the color of law, she may not be able to state a claim. Ms. Brown's § 1983 complaint attacks her criminal conviction, which she cannot do in a § 1983 claim. Ms. Brown also restates claims that have been previously dismissed for virtually the same deficiencies of her present complaint. These hurdles are discussed further below.

### ii. *Heck* Doctrine

Even if Ms. Brown were to successfully assert a federal claim against the defendants, Ms. Brown cannot bring her action under a § 1983 complaint. If a § 1983 case seeking damages alleges constitutional violations that would necessarily imply the invalidity of a conviction or sentence, the prisoner must establish that the underlying sentence or conviction has been invalidated on appeal, by habeas petition, or through similar proceeding. *See Heck v Humphrey*, 512 U.S. 477, 483-87 (1994). Under *Heck*, a party

who is convicted of a crime is barred from bringing suit under a § 1983 if judgment in favor of that party would necessarily imply the invalidity of conviction or sentence. *See Whitaker v. Garcetti*, 486 F.3d 572, 582 (9th Cir. 2007) (citing *Heck*, 512 U.S. at 487). Claims or challenges to the validity or duration of confinement are matters of habeas corpus relief per 28 U.S.C. § 2254. *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016). Because Ms. Brown is still incarcerated and has not shown that her conviction has been invalidated, she cannot challenge her confinement and conviction under § 1983. A plaintiff cannot make claims for both civil rights violations per 42 U.S.C. §1983 and for habeas corpus relief per 28 U.S.C. § 2254 in the same action. *Nettles*, 830 F.3d at 927 (reiterating that "habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action"); *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) (holding that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration"). As such, Ms. Brown's § 1983 action challenging her confinement is legally barred, unless she can show that her conviction has been invalidated or overturned.

### iii.  Plaintiff's Previous Cases

Ms. Brown has previously filed cases against Walmart Stores and its employees. Once under Habeas Corpus[1] and the other under a § 1983[2]. Both matters were dismissed without prejudice as to defendant Walmart[3]. In the previous § 1983 case, Ms. Brown asserted the same claim of wrongful incarceration and alleged a similar set of facts as in her current case. Her previous § 1983 filing had the same deficiency as in her current case. That is, Ms. Brown failed to allege facts that demonstrate how a

---

[1] *Brown v. State of Nevada et al.*, 2:23-cv-00183-CDS-EJY.
[2] *Brown v. State of Nevada et al.,* 2:23-cv-00187-JAD-NJK
[3] The case was dismissed without prejudice for failing to file an amended complaint, ECF No. 9.

private actor like Walmart acted under the color of law. This will be Ms. Brown's second time filing suit against Walmart under a § 1983 action.

### c. Naming a Case Number as a Defendant

Ms. Brown also names as defendant, C-1613190531, "case number at CCDC." A case number is not a person, and thus not a proper defendant. The definition of a person includes natural persons (i.e., human beings) as well as corporations and political subdivisions. *Alexander v. Nev. Dep't of Corr.*, 2016 U.S. Dist. LEXIS 185298, at 4 (D. Nev. Sept. 7, 2016). Objects such as buildings do not fit within this definition. *Id. See also Mora v. Miller,* 2018 U.S. Dist. LEXIS 228146, at 2 (C.D. Cal. May 10, 2018) (finding a dog is not a proper defendant under Section 1983 and that this deficiency cannot be cured by amendment). Ms. Brown cannot proceed against "C-1613190531" since the named defendant is not a proper defendant.

ACCORDINGLY,

**IT IS ORDERED** that Plaintiff's IFP Application (ECF No. 1) is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (ECF No. 1-1) is DISMISSED WITHOUT PREJUDICE.

**IT IS FURTHER ORDERED** that if Plaintiff chooses to file an amended complaint curing the deficiencies of his Complaint as outlined in this order, she must file the amended complaint **April 21, 2024.**

**IT IS FURTHER ORDERED** that the Clerk of the Court will send to Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, and a copy of her original complaint (ECF No. 1-1). If Plaintiff chooses to file an amended complaint, she must use the approved form and write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

DATED this 22nd day of February 2024.

IT IS SO ORDERED.

_____
Maximiliano D. Couvillier III
United States Magistrate Judge