# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Jessica M. Brown,

           Plaintiff(s),

vs.

Walmart Stores, *et al.*,

           Defendant(s).

**2:24-cv-00136-CDS-MDC**

**Order**

      Pending before the Court are plaintiff Jessica Brown's Applications to Proceed *In Forma Pauperis* ("IFP") (ECF Nos. 8 and 10), *Motion to Extend Time* (ECF No. 9), *Motion for Appointment of Counsel* (ECF No. 11), and Amended Complaint (ECF No. 6). The Court denies Ms. Brown's IFP applications (ECF Nos. 8 and 10). The Court denies her *Motion to Extend Time* (ECF No. 9). The Court dismisses her Amended Complaint (ECF No. 6) with leave to amend. The Court denies her *Motion for Appointment of Counsel* (ECF No. 11) without prejudice.

## **DISCUSSION**

**I.**    ***In Forma Pauperis***

      Ms. Brown filed two IFP applications (ECF Nos. 8 and 10). The Court notes that it previously granted her IFP application (ECF No. 1). ECF No. 4. Therefore, the Court denies her pending IFP applications (ECF Nos. 8 and 10) as moot.

      The Court warns Ms. Brown that such duplicative filings unnecessarily consume the Court's resources. *See In re McDonald*, 489 U.S. 180, 184, 109 S. Ct. 99.3, 103 L. Ed. 2d 158 (1998). Ms. Brown is further warned that future duplicative or improper filings may be struck from the docket without notification. *See Ready Transp., Inc. v. AAR Mfg., Inc.,* 627 F.3d 402, 404 (9th Cir. 2010) (holding that district courts have authority to strike an improper filing under their inherent power to control the docket).

## II. Motion to Extend Time

Ms. Brown filed a *Motion to Extend Time* (ECF No. 9). The Motion is titled "Status Check/Update and Motion to Extend." ECF No. 9 at 1. Most of the Motion seems to update the Court on what has been filed or sent to be filed with the Court. *Id.* Upon further reviewing the Motion, the Court finds that although Ms. Brown requests an extension, she does not specify what she needs an extension on. Ms. Brown's handwriting is difficult to read; however, the Court reads that she requests an extension "to better provide proof from courts to courts to help assist ware [*sic*] the problem is." *Id.* at 2. The only time sensitive filing at issue is the deadline to file a First Amended Complaint. However, Ms. Brown does not seem to request an extension of time to file her Amended Complaint – not only because she does not raise it as an issue, but also because the First Amended Complaint was received more than a month prior to the Motion. Therefore, the Court denies her *Motion to Extend Time* (ECF No. 9).

To the extent that Ms. Brown may be requesting a Status Check, the Court denies such requests. "The Court does not provide status checks for its cases and advises Plaintiff to not file such motions." *Redman v. Aranas*, No. 317CV00551RCJCBC, 2019 U.S. Dist. LEXIS 99088, 2019 WL 2453656, at 1 (D. Nev. June 12, 2019). "Motions such as these put stress on an already overburdened judicial system. The Court receives numerous motions every day and will not provide status checks for its ongoing cases. The Court will address all Parties' contentions in due course." *Id.*

## III. First Amended Complaint

On February 22, 2024, the Court issued a screening Order (ECF No. 4) on Ms. Brown's original Complaint (ECF No. 1-1). The Court dismissed her original Complaint (ECF No. 1-1) without prejudice (1) for failing to allege how defendant(s) acted under color of state law and (2) potentially being barred by the *Heck* Doctrine. ECF No. 4 at 3-5. The Court gave Ms. Brown leave to amend her Complaint and ordered her to file an Amended Complaint by April 21, 2024. ECF No. 4 at 6:17-19. Ms. Brown filed an Amended Complaint on March 5, 2024. ECF No. 6. However, the Court finds that Ms. Brown has failed to (1) cure the deficiencies noted in the Court's Screening Order (ECF No. 4) and (2) file an amended

complaint that is "complete in itself." LR 15-1. The Court dismisses Ms. Brown's Amended Complaint (ECF No. 6) without prejudice and with leave to amend.

### a. Legal Standard

Upon granting a request to proceed in forma pauperis, the Court must screen the complaint pursuant to 28 U.S.C. § 1915(e). The Court will review the complaint to determine whether the complaint is frivolous, malicious, fails to state a claim in which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Federal Rules of Civil Procedure Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirement, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Dismissal for failure to state a claim under § 1915 incorporates the same standard for failure to state a claim under Federal Rule of Civil Procedure Rule 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle him to relief." *Buckley v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"A document filed *pro se* is "to be liberally construed" and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal citations omitted). If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that deficiencies could not be cured through amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (emphasis added).

"[W]hen a plaintiff files an amended complaint, '[t]he amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967)). An amended complaint must be "complete in itself, including exhibits, without reference to the superseded pleading." LR 15-1(a). In other words, the amended complaint is an entirely new document that completely sets forth the facts and claims for relief.  At issue is whether Ms. Brown's Amended Complaint (ECF No. 6) states a claim upon which relief can be granted.

### b. Analysis

On February 22, 2024, the Court issued a Screening Order (ECF No. 4), dismissing Ms. Brown's Complaint (ECF No. 1-1) because it failed to state a claim upon which relief can be granted. Ms. Brown failed to allege how defendant(s) Walmart and its employee(s) acted under the color of state law. She also failed to show that her case is not barred by the *Heck* Doctrine.

Ms. Brown does not allege any new facts that show that the Walmart employee(s) was acting under the color of state law. ECF No. 6 at 4. As explained to Ms. Brown in the Screening Order (ECF No. 4), to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988). However, Ms. Brown does not allege any new facts that show there was "governmental compulsion or coercion." *See Rawson v. Recovery Innovations*, 975 F.3d 742, 748 (9th Cir. 2020). In other words, Ms. Brown does not show that the state, through the police or otherwise, acted through Walmart and/or its employees to arrest her. Therefore, the Court finds that Ms. Brown has failed to cure this deficiency. Ms. Brown states that she "cannot provide more proof due to [her] incarceration," being given "the run around," and "snail mail." ECF No. 6 at 4. Ms. Brown states that she remembers "he was a Walmart

employee" but is unable to provide more than that. ECF No. 6 at 4. The Court acknowledges her difficulties and provides her with another opportunity to amend her Complaint.

Although Ms. Brown references her criminal case, C-16-13190531, she does not allege any new facts that show that her case is not barred by the *Heck* Doctrine. *See Heck v Humphrey*, 512 U.S. 477, 483-87 (1994) (holding that if a § 1983 case seeking damages alleges constitutional violations that would necessarily imply the invalidity of a conviction or sentence, the prisoner must establish that the underlying sentence or conviction has been invalidated on appeal, by habeas petition, or through similar proceeding). Ms. Brown has not shown that her 2016 grand larceny conviction, which she spent "2-5 years" in prison for, had been invalidated on appeal. Therefore, the Court finds that Ms. Brown has failed to cure this deficiency.

In sum, to allege color of law, Ms. Bronw must allege facts that show whether and how the Walmart employee was acting under the state's orders in a way that led to her arrest. She has failed to do so. To show that her claim is not barred by *Heck*, Ms. Brown must show that her 2016 conviction was invalidated through appeal, either through habeas proceedings or otherwise. Ms. Brown has failed to do so. The Court will give Ms. Brown another chance to file an amended complaint. Ms. Brown is cautioned that an amended complaint must be complete in itself and cannot make reference to previous pleadings. See LR 15-1(a). An amended complaint supersedes the original complaint, meaning that once Ms. Brown files an amended complaint, the Court does not look back at her previous complaint. *See Rhodes v. Robinson*, 621 F.3d at 1005. Ms. Brown is also reminded that her amended complaint must comply with Rule 8 of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8(a)(1)-(3).

### IV. Motion for Appointment of Counsel

Ms. Brown filed a *Motion for Appointment of Counsel* (ECF No. 11). She seems to request counsel because there seems to be some confusion in the procedures being utilized and because it is

unclear what the Courts are asking for. ECF No. 11 at 1. The Court denies Ms. Brown's *Motion for Appointment of Counsel* (ECF No. 11) without prejudice.

### a. Legal Standard

While a pro se inmate would likely benefit from the appointment of counsel, that is not the standard the courts must employ in determining whether counsel should be appointed. *See Wood v. Houseright,* 900 F.2d 1332, 1135-1336 (9th Cir. 1990). A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). While federal courts are empowered to request an attorney to represent an indigent civil litigant under 28 U.S.C. § 1915(e)(1), the court can only grant such requests under extraordinary circumstances. *United States v. 30.64 Acres of Land,* 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986). A finding of such exceptional circumstances requires that the court evaluate both the likelihood of Plaintiff's success on the merits and the *pro se* litigant's ability to articulate his claims in light of the complexity of the legal issues involved. A court may find that "exceptional circumstances" exist if a claim is either factually or legally complex. *See, e.g., McElyea v. Babbitt*, 833 F.2d 196, 200 n.3 (9th Cir. 1987) (per curiam) (suggesting that a plaintiff's claim concerning the provision of religious books in prison raises "complicated constitutional issues"). Neither factor is controlling; both must be viewed together in making the finding. *Terrell v. Brewer*, 935 F.2d 1015. 1017 (9th Cir. 1991), citing *Wilborn*, *supra*, 789 F.2d at 1331.

### b. Analysis

Ms. Brown has not demonstrated a likelihood of success on the merits. The Ninth Circuit has indicated that the articulation of a cognizable claim for relief may itself be sufficient to satisfy the "merit" analysis on a motion for appointment of counsel. *Turner v. Riaz*, 2018 U.S. Dist. LEXIS 194391, at *11 (E.D. Cal. Nov. 13, 2018) (citing *Tilei v. McGuiness*, 642 Fed. Appx. 719, 722 (9th Cir. 2016) (finding that plaintiff's "complaint states a claim for relief, and therefore suggests that he may succeed on the merits"). Ms. Brown's claims have not yet survived a screening order; thus, this factor

weighs against the appointment of counsel. Since she has not yet demonstrated a likelihood of success on the merits, the Court denies her *Motion for Appointment of Counsel* (ECF No. 11) without prejudice.

ACCORDINGLY,

**IT IS ORDERED that:**

1. Plaintiff's IFP applications (ECF Nos. 8 and 10) are DENIED AS MOOT.

2. The *Motion to Extend Time* (ECF No. 10) is DENIED.

3. The First Amended Complaint (ECF No. 6) is DISMISSED WITHOUT PREJUDICE and with leave to amend.

4. If Plaintiff chooses to file a curing the deficiencies of the First Amended Complaint as outlined in this order, she must file the amended complaint by **Friday May 31, 2024**.

5. The Clerk of the Court will send to Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, and a copy of her Amended Complaint (ECF No. 6). If Plaintiff chooses to file an amended complaint, she must use the approved form and write the words "Second Amended" above the words "Civil Rights Complaint" in the caption.

6. If Plaintiff files a Second Amended Complaint, the Clerk of Court is directed NOT to issue summons on the amended complaint. The Court will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable

7. The *Motion for Appointment of Counsel* (ECF No. 11) is DENIED WITHOUT PREJUDICE.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

DATED this 1st day of May 2024.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge